NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANNETTE HOWARD, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-cv-206 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ALBERT M. ROBINSON, | : | |
| | : | |
| Defendant. | : | |

Presently before the Court is Defendant Albert M. Robinson ("Defendant")'s application to proceed without prepayment of fees, or *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Having reviewed Defendant's application and having found that Defendant has demonstrated that he is unable to pay the required fees or give security thereof, the Court grants Defendant's application to proceed *in forma pauperis*. The Court, however, remands Defendant's Notice of Removal to the state court because it does not have subject matter jurisdiction, and even if it did, the *Rooker-Feldman* doctrine requires the Court to remand the case.

## I.      BACKGROUND

On or about October 11, 1990, Plaintiff Annette Howard ("Plaintiff") filed a domestic violence Complaint in the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, alleging that on October 4 and 10, 1990, Defendant harassed her by "banging on her window and door" and calling her at her place of employment. Plaintiff and Defendant previously lived together and had one child together. In the Complaint, Plaintiff sought a Final

Restraining Order ("FRO"), finding that Defendant committed domestic violence, forbidding Defendant "from returning to the scene of the domestic violence," and forbidding Defendant "from having contact with the victim or harassing the plaintiff or plaintiff's relatives."

Defendant claims that he was "never served with the summons and complaint," but the Complaint and the FRO were faxed to him on or about August 24, 2009.[1] Subsequently, in September 2012[2], Defendant filed a Motion to Reopen the case in state court because "he uncovered that all of the documents in the [domestic violence action] were forgeries including the judge's orders which were not signed by the judge or even issued in a court of law in 1990" and "there never were any hearings." In or about October 2012, the Superior Court in Mercer County denied Defendant's request. On January 2, 2013, Defendant called the New Jersey Office of the Attorney General and spoke to opposing counsel "in an open records case involving the same fraudulent FRO." Defendant claims that opposing counsel told him that she was drafting a Motion for a Continuance because oral argument was scheduled for January 8, 2013 in Burlington County. Defendant alleges that he was unaware that the case was open, that a hearing was scheduled, and that the case had been transferred from Mercer to Burlington County.

Subsequently, Defendant filed the Notice of Removal at issue here on January 10, 2013, alleging that federal question jurisdiction exists because Plaintiff violated his civil rights under 42 U.S.C. §§ 1981, 1982, and 1983, and the Second Amendment to the United States Constitution. Additionally, Defendant states that diversity jurisdiction exists because Plaintiff is a resident of New Jersey, he is a resident of another State, and the matter in controversy exceeds

---

[1] Defendant has not attached the FRO even though he states that he received it by fax. *See* 28 U.S.C. § 1446(a) (requiring a Notice of Removal to include a "copy of all process, pleadings, and orders served upon such defendant").

[2] Defendant does not explain why he waited three years to file a Motion to Reopen after receiving the FRO.

$75,000 because the FRO "would have made it illegal for Defendant . . . to touch, or own any firearms, ammunition, or Martial arts items," and Defendant "works, designs, fabricates and collects firearms and firearm related materials . . . ."  Both parties appear pro se.

## II.   DISCUSSION

Any "civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . ."  28 U.S.C. § 1441(a).  A Notice of Removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  28 U.S.C. § 1446(a).  A case shall be remanded to the state court, however, if "it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  The "removal statute 'is strictly construed against removal and all doubts should be resolved in favor of remand.'"  *Bresko v. Bresko*, 2012 WL 664955, *2 (D.N.J. Feb. 29, 2012) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

Here, this Court will remand the case to the state court because there are several deficiencies with Defendant's Notice of Removal.   As a threshold matter, the Notice of Removal does not establish subject matter jurisdiction. Defendant has not demonstrated diversity jurisdiction because he failed to assert a "meritorious basis for the jurisdictional amount."  *See Henry v. Henry*, 2008 WL 2228695, *1 (D.N.J. May 28, 2008).  Diversity jurisdiction exists

> where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of

different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[28 U.S.C. § 1332.]

Here, Defendant alleges that Plaintiff is a citizen of New Jersey while he is a citizen of a different state. He then claims that the amount in controversy is "more than $75,000" because the FRO "would have made it illegal for Defendant . . . to touch or own any firearms, ammunition, or Martial arts items," and he "works, designs, fabricates and collects firearms and firearm related materials . . . ." By using the phrase "would have," however, Defendant does not establish that the FRO actually affected his employment or ability to earn money. Therefore, the District Court does not find by "a preponderance of the evidence, that the amount in controversy exceeds" $75,000. *See* 28 U.S.C. § 1446(c)(2)(B).

Moreover, Defendant has not demonstrated federal question jurisdiction. Federal question jurisdiction exists if a civil action arises under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Defendant claims that Plaintiff violated his civil rights under 42 U.S.C. §§ 1981, 1982, and 1983, and the Second Amendment, Defendant's assertion of federal jurisdiction is improper. First, Defendant cannot base federal question jurisdiction on § 1983 because as a private citizen, Plaintiff was not acting under color of law. *See* 42 U.S.C. § 1983 (stating "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress"); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (stating

4

"the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'").  Second, although a private individual may be liable under §§1981 and 1982, it is unclear how these claims concerning equal rights under the law and equal rights regarding property are related to Defendant's domestic violence dispute with Plaintiff.  *See* 42 U.S.C. § 1981 (providing "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other"); 42 U.S.C. § 1982 (stating "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property"); *Mahone v. Waddle*, 564 F.2d 1018, 1029 (3d Cir. 1977) (declaring that under § 1981, "[t]he right 'to make and enforce contracts' can thus be infringed by private individuals"), *cert. denied sub nom. City of Pittsburgh v. Mahone*, 438 U.S. 904 (1978); *Williams v. Interstate Motor Freight Sys.*, 458 F. Supp. 20, 24 (S.D.N.Y. 1978) (recognizing that §§1981 and 1982 "provide for suits against private parties"). Lastly, Defendant's assertion of federal jurisdiction based on the Second Amendment is improper because a private actor cannot be liable for a violation of the Second Amendment.  *See Robinson v. Castle*, 2011 WL 3813292, at *9 (S.D. Tex. Aug. 29, 2011) (declaring "[b]ecause the Second Amendment applies only to government action, . . . Plaintiffs' claims against private parties under the Second Amendment fail to state a claim upon which relief can be granted"); *Allstate Ins. Co. v. Barnett*, 2011 WL 2415383, at *2 (N.D. Cal. Jun. 15, 2011) (stating "there

does not appear to be any authority supporting Mr. Barnett's position that a claimed violation of the Second Amendment may be brought against a private actor").

Furthermore, this is a domestic violence case, and this Court does not have jurisdiction over domestic relations matters. *See Henry*, 2008 WL 2228695, at *1; *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (stating "[o]ne of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations"; "the whole subject of . . . domestic relations . . . belongs to the laws of the States"). Although the formal domestic relations exception to federal jurisdiction does not apply here because the case does not concern divorce, alimony, or child custody decrees, "it might be appropriate for the federal courts to decline to hear a case involving 'elements of the domestic relationship,' . . . even when divorce, alimony, or child custody is not strictly at issue . . . ." *Elk Grove Unified Sch. Dist.*, 542 U.S. at 13; *see also Ankenbrandt v Richards*, 504 U.S. 689, 703-04 (1992). Because domestic violence concerns a domestic relationship, "it is appropriate for the federal courts to leave [this] delicate issue[] of domestic relations to the state courts." *Elk Grove Unified Sch. Dist.*, 542 U.S. at 13.

Even if there was subject matter jurisdiction, however, this case would still need to be remanded to the state court due to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Stated another way, *Rooker-Feldman* does not allow a [party] to seek relief that, if granted, would prevent a state court from enforcing its orders." *Henry*, 2008 WL 2228695, at *1 (citing *McAllister v. Allegheny County Family Div.*, 128 Fed. Appx. 901, 902 (3d Cir. 2005)); *see also D.C. Ct. of Apps. v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.,* 263 U.S. 413,

414-16 (1923).  Here, it appears that Defendant seeks to remove the case to this Court to argue the invalidity of the FRO because "he uncovered that all of the documents in the [domestic violence action] were forgeries including the judge's orders."  According to the *Rooker-Feldman* doctrine, this Court cannot hear what is essentially an appeal of the FRO.  *See McAllister*, 128 Fed. Appx. at 902 (stating "a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings").

Lastly, Defendant's Notice of Removal is untimely.

> The notice of removal of a civil action or proceedings shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> [28 U.S.C. § 1446(b)(1).]

Although Defendant claims that a "deadline" does not apply to him because he "was not supposed to know that this case at bar was reopened," his Notice of Removal is untimely. Defendant received the Complaint and FRO by fax on August 24, 2009.  At that point, Defendant had thirty days to file his Notice of Removal.  Defendant cannot now appeal the FRO and the denial of his Motion to Reopen by filing a Notice of Removal in this Court.

**III.      CONCLUSION**

For these reasons, the Court grants Defendant's application to proceed *in forma pauperis* and remands Defendant's Notice of Removal to the state court for failure to establish subject matter jurisdiction.  An Order accompanies this Opinion.

Dated: February 27, 2013

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge